# CHARLESTON.

FRY *v.* OLD DOMINION BUILDING AND LOAN ASSOCIATION OF RICHMOND, VA., *et al.*

Decided April 14, 1900.

1. INJUNCTION—*Disolution—Decree.*
     While there is an injunction against a sale under a deed of trust, if it is found that the debt due is less than the amount called for in such deed, there should not be an absolute dissolution of the injunction, but a decree should be entered fixing the amount due, and in the discretion of the court, either dissolving the injunction as to tnat amount and dismissing the bill, or the court should retain the cause and enter a decree of sale under its supervision. (p. 63).

2. TRUST DEED—*Place of Sale.*
     Where a deed of trust fixes a place for sale, it must be made by the trustee at that place. (p. 64).

Appeal from Circuit Court, Kanawha County.

Bill by J. L. Fry against the Old Dominion Building and Loan Association of Richmond, Va., and others. Decree for defendant, and plaintiff appeals.

*Reversed.*

J. W. KENNEDY, for appellant.

FLOURNOY, PRICE & SMITH, for appellees.

BRANNON, JUDGE:

Joseph L. Fry purchased shares of stock in the Old Dominion Building and Loan Association of Richmond, Virginia, and obtained an advance, or more properly a loan, from it of two thousand five hundred dollars, and executed a deed of trust upon a certain lot in the city of Charleston to secure it, providing that Fry should pay, as prescribed by the charter, constitution, and by-laws of the company, monthly installments of forty-two dollars and fifty cents, until the stock should be fully paid up, or for eighty-four months, unless the stock should be paid up before, and all fines and charges, and perform all the other obligations of the association, according to its by-laws, etc. Under said deed of trust, the said company required a sale of the property for default of Fry in complying with the requirements of his contract with the company, and Fry obtained from the circuit court of Kanawha County an injunction against the sale advertised by the trustee, and, said injunction having been dissolved, Fry took this appeal.

Counsel for Fry would raise the point that the stipulations of the contract between him and the company are usurious, and in his bill he alleged that the company claimed as due it about three thousand five hundred dollars, about seven hundred to one thousand dollars more than he justly owed; but the company filed an answer, in which it relinquished all claim to any greater amount than the principal of the loan, and lawful interest from January 14, 1896, and fourteen dollars and sixty-four cents taxes paid by it, crediting Fry with one hundred and twenty-seven dollars and fifty cents paid by Fry, leaving a balance claimed by the company as of April 14, 1897, of two thousand five hundred and seventy-four dollars and sixty-four cents. Therefore this answer eliminates from this case the question whether the exaction, by the terms of said deed of trust, is unwarranted by law. We do not pass on that question.

Counsel for Fry makes the point that, as the deed of trust provides that sale shall be made for default in payment of said monthly installments, and fines and charges, according to the charter, constitution, and by-laws of said association, there can be no sale, under such a trust, without recourse to equity, because the amount to be raised by it is uncertain and unliquidated. But why discuss this question, if that position were tenable? The

deed of trust surely secured whatever may be the legal rights of the association, liquidated or unliquidated. *Riggs* v. *Armstrong,* 23 W. Va. 760. If we could say that the amount was uncertain, yet the answer of the defendant clears that objection away by claiming a loan of two thousand five hundred dollars, with interest from January 14, 1896, and fourteen dollars and sixty-four cents taxes paid, with a credit of one hundred and twenty-seven dollars and fifty cents; thus making the demand specific and definite, and certainly not in excess of the lawful right of the company.

I think the circuit court erred in unconditionally dissolving the injunction, thus allowing a sale without any specification of the amount for which such sale should be made. It should have entered a decree, not simply dissolving the injunction, but declaring that Fry was indebted under said deed of trust, pursuant to said answer, according to the amount in that answer specified; and then either retained the case in the court, or dissolved the injunction, with leave to the trustee to sell under the deed of trust for the amount specified in such decree. *Crenshaw* v. *Seigfried,* 24 Grat. 272. That case holds that, where the rights of parties under a deed of trust become involved in chancery, as in this case, the court "may in its discretion, after ascertaining the amount due, either dissolve the injunction as to the amount due, and dismiss the bill, or may retain the case, and have the trust executed under its own supervision." But, under this decree of absolute dissolution, for what amount will the trustee hereafter sell? Will he sell for the amount demanded in the answer of the association, or for the much larger amount which the letter of the deed of trust would warrant? We cannot certainly say. Is not the inference from that decree that the court found and adjudicated against the plaintiff in all respects; and that the association would be entitled, not only to go on and sell, but sell for the amount demanded by the letter of the trust? We think the court should have held the association to the letter of the trust? We think the court should have held the association to the letter of its own answer, on the basis of an admission of record as to the amount due it, or on the basis of a compromise of litigation. The court should have dissolved the injunction as to the amount claimed by the answer, thus leaving it standing as to any excess.

Furthermore, the notice of sale specified as the place of sale

the front of the court house of Kanawha county; whereas the deed of trust provided that sale should be made on the premises. That is the letter of the contract. The parties put it there for some purpose. That was ground for the injunction. The court should have provided in its decree for a sale there. The day of sale had passed, it is true; but the court should have fixed the place of sale according to the trust deed, as the association had claimed the right to depart from it. True, the bill does not specify this ground for injunction; but it protests, in general terms, against the sale as irregular and illegal, and exhibits the sale notice, which discloses this variance from the terms of the deed of trust. As Fry could not get rid of that erroneous decree but by appeal, we must reverse the decree, and remand the case to the circuit court for entry of a proper decree.

*Reversed.*